# Order

**Michigan Supreme Court**
**Lansing, Michigan**

May 28, 2021

162564 & (61)

*In re* B.S., Minor.

Bridget M. McCormack,
Chief Justice

Brian K. Zahra
David F. Viviano
Richard H. Bernstein
Elizabeth T. Clement
Megan K. Cavanagh
Elizabeth M. Welch,
Justices

SC: 162564
COA: 354103
Ottawa CC Family Division:
20-092453-AU

_____/

On order of the Court, the motion to dismiss is DENIED. The application for leave to appeal the December 22, 2020 judgment of the Court of Appeals is considered and, pursuant to MCR 7.305(H)(1), in lieu of granting leave to appeal, we VACATE the judgment of the Court of Appeals and we REMAND this case to the Court of Appeals for reconsideration in light of *In re MGR*, 504 Mich 852 (2019), and *In re LMB*, 504 Mich 869 (2019).

We do not retain jurisdiction.

VIVIANO, J. (*dissenting*).

I would deny leave to appeal and am perplexed—as I suspect the Court of Appeals panel on remand will be—by the Court's order today remanding this case for reconsideration in light of *In re MGR*, 504 Mich 852 (2019), and *In re LMB*, 504 Mich 869 (2019). The Court's orders in both of those cases were expressly limited to the particular facts of those cases.[1] The Court's order today implies something very different, i.e., that general principles of law can be derived from the orders that can (and, indeed, should) be applied to other cases.

I will let the Court of Appeals attempt to glean the meaning of those cases all on its own.[2] But even if some precedential value could be gleaned from *In re MGR* or *In re*

---

[1] See *In re MGR*, 504 Mich at 854 n 1 (explaining that the majority's decision was "based in the very specific facts of this case alone."); *In re LMB*, 504 Mich at 869 n 1 (similarly denying that the Court's order created a per se rule).

[2] As the interplay between the majority's order and my separate statement in *In re MGR* makes clear, the majority has expressly disclaimed the only general principle that I could

*LMB* and applied to the present case, it is hard to understand how the Court of Appeals could grant relief under the current procedural posture of the paternity action. Specifically, there does not appear to be a mechanism for the Court of Appeals to grant petitioner any relief as to the denial of her motion for a stay in the paternity case. In *In re MGR*, the mother of the child at issue appealed the trial court's denial of her motion for a stay in the paternity case to this Court. This Court vacated the denial of her motion for a stay in an opinion released at the same time as its opinion in the adoption case. See *Brown v Ross*, 504 Mich 871 (2019).[3] In the present case, petitioner sought leave to appeal the denial of her motion for a stay in the paternity case as well as the order of filiation, but the Court of Appeals denied leave to appeal for lack of merit in the grounds presented. See *Sterk v Speyer*, unpublished order of the Court of Appeals, entered August 20, 2020 (Docket No. 354518). Petitioner never sought leave to appeal that decision in this Court. Thus, unlike in *In re MGR*, there is currently no pending appeal in the paternity action through which either this Court or the Court of Appeals could vacate or reverse any of the decisions by the trial court in that case.

Because I would take the Court at its word that *In re MGR* and *In re LMB* are limited to their facts, I respectfully dissent and would instead deny leave to appeal.

---

decipher from the orders. Compare *In re MGR*, 504 Mich at 864 (VIVIANO, J., dissenting) ("I believe [the majority's apparent requirement that the putative father file a motion to stay the adoption proceeding] elevates form over substance since, as the majority's order acknowledges, good cause was at issue each time a stay of the paternity action was sought. Since the very same issue is implicated whether one of the parties is seeking to stay the paternity action or another party is seeking to stay the adoption proceeding, I would not require the putative father to file a separate motion to stay the adoption proceeding that specifically alleges good cause in order to preserve the issue. . . . Until the Legislature provides more guidance, I believe the *In re MKK*[, 286 Mich App 546 (2009),] framework should be used by the trial court to determine whether to allow a paternity action to reach its natural conclusion before a contemporaneously filed adoption proceeding, regardless of which action was filed first, and regardless of which party filed a motion to stay or whether, like here, the stay is entered *sua sponte* by the trial court."), and *id*. at 864 n 4 ("The majority, by contrast, appears to create a per se rule that, unless a putative father files a motion to stay the adoption proceeding, a trial court must always stay the paternity action in favor of a competing adoption proceeding."), with *id*. at 854 n 1 (order of the Court) ("[W]e respectfully disagree that this order creates any per se rule; our decision today is based in the very specific facts of this case alone.").

[3] There was no need for us to take such action in *In re LMB* because in that case the Court of Appeals had already reversed the trial court's denial of a stay in the paternity case. See *Sarna v Healy*, unpublished order of the Court of Appeals, entered December 18, 2017 (Docket No. 341211).

On remand, in addition to determining what applicability those cases might have here, the Court of Appeals will need to make a threshold determination of whether it can grant any relief at all to petitioner given the procedural posture of the paternity action.



I, Larry S. Royster, Clerk of the Michigan Supreme Court, certify that the foregoing is a true and complete copy of the order entered at the direction of the Court.

May 28, 2021



Clerk

p0525